IN RE INDEPENDENT BREWERIES COMPANY.*

TRADEMARKS; BEER; DESCRIPTIVE PROPERTIES.

1. The words "Amber Bead" as a trademark for beer are deceptively similar to the word "Amber." (Citing *Re S. C. Herbst Importing Co.* 30 App. D. C. 297; *Peter Schoenhofen Brewing Co.* v. *Maltine Co.* 30 App. D. C. 346.)

2. Beverages, the only real difference between which is that there is less alcohol in one than in the other, are of the same descriptive properties, within the meaning of the trademark statute. (Citing *Walter Baker & Co.* v. *Harrison*, 32 App. D. C. 272; *Phœnix Paint & Varnish Co.* v. *John T. Lewis & Bros. Co.* 32 App. D. C. 285.)

No. 761. Patent Appeals. Submitted May 13, 1912. Decided May 30, 1912.

HEARING on an appeal from a decision of the Commissioner of Patents refusing registration of a trademark.    *Affirmed.*

The facts are stated in the opinion.

*Mr. J. A. Carr* and *Mr. A. M. Holcombe* for the appellant.

*Mr. W. S. Ruckman* for the Commissioner of Patents.

*Trademark.*—On invalidity of deceptive trademark, see note in 19 L.R.A. 53.

Mr Justice ROBB delivered the opinion of the Court:

By this appeal the Independent Breweries Company seeks a reversal of the decision of the Commissioner of Patents refusing registration of the words "Amber Bead" as a trademark for "a beverage composed in part from malt, and containing less than one half of 1 per cent alcohol."

The ground of the Commissioner's action was the prior registration, by the George Weidmann Brewing Company, of the word "Amber" as a trademark for beer. That the two marks are deceptively similar is plain. *Re S. C. Herbst Importing Co.* 30 App. D. C. 297; *Peter Schoenhofen Brewing Co.* v. *Maltine Co.* 30 App. D. C. 346.

But, it is insisted, the marks are not applied to goods of the same descriptive properties. This contention must fail. The general and essential characteristics of the goods to which the two marks are applied are the same, and this is sufficient. *Walter Baker & Co.* v. *Harrison*, 32 App. D. C. 272; *Phœnix Paint & Varnish Co.* v. *John T. Lewis & Bros. Co.* 32 App. D. C. 285. In the first of those cases it was ruled that coffee and cocoa are goods of the same descriptive properties, within the meaning of the trademark statute; and in the second that paste paints and ready-mixed paints are of the same descriptive properties. In the present case the only real difference between the goods of the two parties is that there is less alcohol in one than in the other.

For the reasons set forth in the two cases to which we have referred, the decision of the Commissioner is affirmed.

*Affirmed.*